IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TINA M. RIFFE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:21-cv-00647-CCB |
| WAL-MART STORES EAST, LP | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Defendant Wal-Mart Stores East, LP ("Walmart" or "Defendant"), by and through their attorneys, JENNIFER M. ALEXANDER, Esquire, KELLY S. KYLIS, Esquire and MCNAMEE HOSEA JERNIGAN KIM GREENAN & LYNCH, P.A., and pursuant to Federal Rules of Civil Procedure Rule 12 and all applicable local rules and other authority, hereby file this Answer to Plaintiff's Complaint, and without waiving the right to assert any defense answer the Complaint of Tina Riffe (the "Plaintiff") as follows:

## GENERAL DENIAL

1. Walmart generally denies liability on all Counts and averments in the Complaint.

## SPECIFIC ADMISSIONS OR DENIALS

2. As to Paragraph One, Defendant is without sufficient knowledge or information at this time to form a belief as to the residence of Plaintiff.

3. As to Paragraph Two, Defendant admits.

4. As to Paragraph Three, Defendant admits.

5. As to Paragraph Four, Defendant denies.

6. As to Paragraph Five, Defendant admits.

7. As to Paragraph Six, Defendant denies.

8. As to paragraph Seven, Defendant denies.

9. As to Paragraph Eight, Defendant denies.

10. As to Paragraph Nine, Defendant denies.

11. As to Paragraph Ten, Defendant denies.

12. As to Paragraph Eleven, Defendant denies.

13. As to Paragraph Twelve, Defendant denies.

14. As to Paragraph Thirteen, Defendant denies.

15. As to Paragraph Fourteen, Defendant admits that a duty of care is owed to business invitees to operate and maintain premises in a reasonably safe condition free from known hazards, but denies that Defendant breached a duty of care to Plaintiff as alleged in the Complaint.

16. As to Paragraph Fifteen, Defendant denies.

17. As to Paragraph Sixteen, Defendant denies.

18. As to Paragraph Seventeen and all of its subparts, Defendant denies.

19. As to Paragraph Eighteen, Defendant denies.

20. As to Paragraph Nineteen, Defendant denies.

## NEGATIVE DEFENSES

21. Plaintiff's Complaint is barred by the lack of legal existence of Defendant to be sued as named in the Complaint.

22. Plaintiff's Complaint is barred as Defendant lacks the capacity to be sued as alleged in Plaintiff's Complaint and pursuant to Maryland law.

23. Plaintiff's Complaint is barred as Defendant lacks the authority to be sued in a representative capacity as it is not the real party in interest.

## AFFIRMATIVE DEFENSES

24. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

25. Plaintiff's Complaint is barred by lack of subject- matter and personal jurisdiction over the subject matter.

26. Plaintiff's Complaint is barred by failure to join a necessary and property party.

27. Plaintiff's Complaint is barred as it does not set forth a duty owed by Defendant to Plaintiff.

28. Plaintiff's Complaint is barred as it fails to sue the real party or parties at interest.

29. Plaintiff's Complaint is barred by duress.

30. Plaintiff's Complaint is barred by illegality.

31. Plaintiff's Complaint is barred by payment.

32. Plaintiff's Complaint is barred by release.

33. Plaintiff's Complaint is barred by the statute of frauds.

34. Plaintiff's Complaint is barred by the doctrine of latches.

35. Plaintiff's Complaint is barred by the statute of frauds.

36. Plaintiff's Complaint is barred by the statute of limitations.

37. Plaintiff's Complaint is barred by the doctrine of waiver.

38. Plaintiff's Complaint is barred by the doctrine of *res judicata*.

39. Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

40. Plaintiff's Complaint is barred by the doctrine of estoppel and collateral estoppel.

41. Plaintiff's Complaint is barred by assumption of risk.

42. Plaintiff's Complaint is barred by contributory negligence.

43. Plaintiff's Complaint is barred by fraud.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, judgment be entered in favor of the Defendant with Plaintiff to pay all costs.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM GREENAN & LYNCH, P.A.

/s/ *Jennifer M. Alexander*
Jennifer M. Alexander, Esquire
Fed. Bar No.:  15222
888 Bestgate Road, Suite 402
Annapolis, MD 21401
Phone: 410-266-9909
Fax:    410-266-8425
jalexander@mhlawyers.com

*/s/ Kelly S. Kylis*
Kelly S. Kylis, Esquire
Fed Bar. No.:  14126
888 Bestgate Road, Suite 402
Annapolis, MD 21401
Phone: 410-266-9909
Fax:    410-266-8425
kkylis@mhlawyers.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2021, a copy of the foregoing was electronically filed and served via the Court's CM/ECF Systems:

Bradley J. Reed, Esquire
BRITT REED LAW OFFICES
1936 Dual Highway
Hagerstown, Maryland 21740
*Attorney for Plaintiff*

                                                  /s/ *Jennifer M. Alexander*
                                                  Jennifer M. Alexander